[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11242
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00205-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAKARA PRINGLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 20, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Makara Pringle appeals her 48-month sentence, which was 18 months above the applicable guideline range, after pleading guilty to one count of conspiracy to commit financial aid fraud, in violation of 18 U.S.C. § 371. On appeal, Pringle argues that the upward variance of her sentence was substantively unreasonable because the factors relied upon by the court were adequately considered in the guideline calculation, and extraordinary circumstances for the variance do not exist. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain

2

the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

When reviewing a variance for reasonableness, we examine the district court's justification for the sentence. See United States v. Mateos, 623 F.3d 1350, 1366 (11th Cir. 2010), cert. denied, 131 S.Ct. 1540 (2011) ("Because of the deviation from the Guidelines, the district court was required to provide sufficiently compelling justifications to support the degree of the variance.") (quotation omitted). The court may consider relevant facts concerning a defendant's background, character, and conduct and may rely on facts that were considered in determining the guideline range. United States v. Amedeo, 487 F.3d 823, 833-34 (11th Cir. 2007). While we consider the degree to which a sentence exceeds the guideline range, extraordinary circumstances are not required to justify a variance. Gall, 552 U.S. at 47.

The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

4

Pringle has not carried her burden of demonstrating that her sentence was substantively unreasonable.[2]  As for her argument that her sentence must be justified by extraordinary circumstances, the Supreme Court has established that extraordinary circumstances are <u>not</u> required to justify a sentence imposed above the guideline range; rather, the court must have "compelling reasons" to impose such a sentence. <u>Gall</u>, 552 U.S. at 47, 50; <u>Mateos</u>, 623 F.3d at 1366.  Here, the court provided compelling reasons for a sentence above the guideline range.  It said that the guideline range did not sufficiently address Pringle's criminal history, her characteristics, and the nature of her offense.  The court noted that Pringle had recruited others to participate in fraudulently obtaining financial aid, submitted false financial aid applications for herself and others without their consent, plagiarized course work, and forged checks sent to other students.

Moreover, the court's sentence of 48-months accomplishes the goals of § 3553(a) because it reflects the seriousness of the offense and the need to deter future criminal conduct.  In discussing the seriousness of Pringle's offense, the court noted that she was responsible for the loss of over $50,000 in student loan funds, which

---

[2] Pringle raises no challenge to the procedural reasonableness of her sentence, and accordingly, she has waived any claim in this respect.  <u>See</u> United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

5

were intended for those in need of educational financial aid.  The court further expressed that the guideline range would not adequately deter future fraud in light of Pringle's past criminal history.  It noted that, despite three previous fraud-related convictions, Pringle has served very little time in confinement.  The reasonableness of Pringle's sentence is further supported by the fact that it was below the 60-month statutory maximum penalty.  See Gonzalez, 550 F.3d at 1324.

Pringle also argues that the court could not impose a variance because it relied upon facts that were accounted for by the Guidelines.  We have held, however, that the court may impose a variance by relying on facts that were considered in determining the guideline range.  Amedeo, 487 F.3d at 833-34.

Because Pringle's 48-month sentence was supported by a compelling justification and achieves the goals of the § 3553(a) factors, Pringle has not shown that the court abused its discretion.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**